UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT [DKT. NO. 9]**

Plaintiff Claudio Lopez ("Plaintiff") filed claims of discrimination, harassment, and retaliation against his former employer, Vestis Services, LLC ("Vestis"), and various Vestis employees in Los Angeles Superior Court. After Plaintiff voluntarily dismissed the employee defendants, who were citizens of the same state as Plaintiff, Defendant Vestis removed the case to this Court. Plaintiff now seeks to amend his complaint to assert new claims against one previously dismissed employee based on newly discovered evidence and remand the case to state court. Defendant opposes these requests, arguing that Plaintiff should be prohibited from asserting frivolous claims against a new defendant for the sole purpose of destroying diversity. For the reasons discussed below, the Court DENIES Plaintiff's motion to amend the complaint and remand the action.

**I.    BACKGROUND**

On November 18, 2024, Plaintiff filed a complaint against Vestis, individual Defendants Levi Sosa, Jesus Gudino, and Mario Enciso ("Enciso"), and Does 1–50 in Los Angeles Superior Court. (Dkt. No. 9 ("Mot.") at 4). Plaintiff and the employee Defendants resided in California, while Vestis was a citizen of Delaware and Georgia. (Dkt. No. 9-2 at 8 ("Compl."); Dkt. No. 12 ("Opp.") at 9). Plaintiff alleged that, after suffering a broken ankle while working at Vestis,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

Defendants unlawfully discriminated, and failed to prevent discrimination, against Plaintiff based on his physical disability, failed to engage him in the interactive process, failed to provide him with reasonable accommodations, retaliated against him for requesting reasonable accommodations and for complaining about his work conditions, and wrongfully terminated him. (Compl. at 7–13). Plaintiff also alleged that Vestis was liable for the wrongful conduct of its employees, including Defendant Enciso, Plaintiff's former co-worker. (Id. at 9). Plaintiff then filed a first amended complaint against the same Defendants, dismissing "erroneously included" wage and hour claims and adding allegations that he had herniated his groin while at work. (Mot. at 4; Dkt. No. 9-2 at 31–43 ("FAC")). Finally, pursuant to discussions between the parties and "to avoid unnecessary motion practice" regarding individual liability for Whistleblower Retaliation, Plaintiff voluntarily dismissed all individual Defendants, including Enciso, on February 5, 2025. (Mot. at 4–5). On March 7, 2025, Vestis, the only remaining defendant, removed the action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441. (Id. at 5; Dkt. No. 1).

Plaintiff now moves to amend his complaint to add claims against Enciso, who he previously dismissed from the first amended complaint and whose presence would destroy diversity jurisdiction. (Mot. at 3–12). Plaintiff seeks to assert claims of intentional infliction of emotional distress ("IIED") and defamation against Enciso only. (Id. at 4). In Plaintiff's proposed second amended complaint, he alleges that Enciso embarrassed him by complaining about his lack of competency to others, calling him "a 'retard,'" "slow," and "lost." (Dkt. No. 9-2 at 216–231 ("SAC")). Plaintiff also moves to remand the action—not because he claims that removal was improper in the first place, but because the Court would not have subject matter jurisdiction over the proposed second amended complaint. (Mot. at 2).

Defendant opposes the motion, urging the Court to deny the motion on procedural grounds for violating Local Rule 7-3 or to use its discretion under 28 U.S.C. § 1447(e) to deny the motion for seeking to join additional defendants whose joinder would destroy subject matter jurisdiction. (Opp. at 12–24). Though the Court may decline to consider a motion for failure to comply with Local Rule 7-3, it elects to resolve this motion on the merits. Defendant had ample opportunity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

to brief its opposition, and a procedural denial (if even justified) would only delay the inevitable. See CarMax Auto Superstores California LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015).[1]  On the merits, the Court DENIES Plaintiff's motion.

## II. DISCUSSION

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Original subject matter jurisdiction exists when there is complete diversity of citizenship between the parties and more than $75,000 in controversy. 28 U.S.C. § 1332. Even after a case has been removed based on diversity jurisdiction, a plaintiff may move to amend his complaint. If a federal court gives a plaintiff leave to join a non-diverse defendant, however, it loses subject matter jurisdiction over the case and must remand the case to state court. See 28 U.S.C. § 1447(e).

### A. Joinder

Generally, courts adopt a liberal policy of allowing amendments to pleadings under Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires."). Rule 15, however, does not apply to amendments that would destroy diversity after a case has been removed to federal court. Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086–88 (C.D. Cal. 1999). In those instances, 28 U.S.C. § 1447(e) applies, and "the decision regarding joinder . . . is left to the discretion of the district court." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); see Walker v. Glob. Mail, Inc., 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021) ("District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e).") (citation omitted).

---

[1] Plaintiff is reminded that the failure to comply with Local Rule 7-3 may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

Courts scrutinize amendments that destroy diversity by weighing six factors: (1) whether the party being joined is necessary for adjudication; (2) whether the plaintiff would be barred by the statute of limitations from bringing claims in state court against the party being joined; (3) whether there has been unjustifiable or unexplained delay in seeking joinder; (4) whether the purpose in seeking joinder is solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. IBC Aviation Servs. v. Compania Mexicana De Aviacion, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) ("IBC Aviation") (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)). The analysis is not rigid; "any factor can be decisive, and no one of them is a necessary condition for joinder." Khachunts v. Gen. Ins. Co. of Am., 682 F. Supp. 3d 827, 833 (C.D. Cal. 2023) (quoting Leyba v. Walmart, Inc., 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021)).

After weighing the six factors, the Court concludes that Plaintiff may not amend his complaint to include claims of IIED and defamation against Enciso.

### (1) Necessity for Adjudication

The Court may deny joinder if it finds that Enciso is not necessary for adjudication. The relevant inquiry is whether Enciso is "only tangentially related to the cause of action" such that denying amendment would not "lead to separate and redundant actions." IBC Aviation, 125 F. Supp. 2d at 1011–12. Plaintiff argues that Enciso is a necessary party because Plaintiff will not be able to recover damages for Enciso's conduct without either adding him to this complaint or filing a second lawsuit against him. (Mot. at 8; Dkt. No. 13 ("Rep.") at 2–3). Plaintiff further contends that the claims against Enciso are more than tangentially related to the claims against Vestis because they relate to employment, wrongful termination, and discrimination. (Rep. at 4–5).

Plaintiff can, however, recover for Enciso's alleged offenses without naming Enciso as a defendant because Vestis is liable for actions Enciso took within the scope of his employment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

See Doe v. Uber Techs., Inc., 184 F. Supp. 3d 774, 781 (N.D. Cal. 2016) ("Under California law, an employer may be held vicariously liable for torts committed by an employee within the scope of employment.") (cleaned up); see also FAC at 33 (alleging Vestis "condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents").  Furthermore, Enciso is only tangentially related to Plaintiff's cause of action against Vestis because he supervised Plaintiff at work.  (SAC at 217).  Whether Vestis discriminated, harassed, and retaliated against Plaintiff for his physical disability is an entirely separate question from whether Enciso humiliated Plaintiff by telling his coworkers that he was incompetent.  Lastly, Plaintiff seemingly conceded that he considers Enciso an unnecessary party when he offered to exclude Enciso in exchange for Defendant's agreement to remand the case to state court.  (Dkt. No. 12-1 at 5–6).  Thus, because Enciso is an unnecessary party, this factor weighs against joinder.  See Villarroel v. Staples, Inc., 697 F. Supp. 3d 901, 905 (N.D. Cal. 2023) (finding first factor weighed against joinder because proposed additional defendant was related to plaintiff's case "only tangentially," current defendant employer was "liable for any actions taken within the scope of [proposed additional defendant's] employment," and proposed defendant could testify as a witness).

*(2) Statute of Limitations*

The Court next considers whether Plaintiff would be barred by a statute of limitations from bringing claims against Enciso in state court.  Plaintiff asserts, and Defendant does not challenge, that the statute of limitations on his IIED and defamation claims ran in April or May 2025.  (Mot. at 8–9); see also Badrh v. Amazon.com, Inc., 2023 WL 5532098, at *5 (C.D. Cal. Aug. 28, 2023) ("In California, a personal injury action such as IIED must be filed within two years of the wrongful act.") (citing Cal. Civ. Proc. Code § 335.1).  Plaintiff is therefore potentially barred from filing the claims against Enciso in state court.  Even so, amending his complaint in this Court might be equally futile if Plaintiff's proposed second amended complaint does not relate back to the original complaint.  See Villanueva v. Liberty Acquisitions Servicing, LLC, 215 F. Supp. 3d 1045, 1057–58 (D.Or. 2016) (noting no controlling Ninth Circuit authority on whether amendment occurs on the date plaintiff files motion to amend or the date the court grants it).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

Because Plaintiff does not show that the new claims "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," Fed. R. Civ. P. 15(c)(1), and the Court finds that the claims are only tangentially related for the reasons explained above, it seems unlikely that Plaintiff can proceed on these claims in federal court, either. This factor is therefore neutral. See Badrh, 2023 WL 5532098, at *5 (finding second factor did not support joinder because the court was not "denying [plaintiff] his last chance to file these claims within the appropriate statute of limitations period").

### (3) Delay in Seeking Joinder

The Court has discretion to deny Plaintiff's request if it finds that Plaintiff unjustifiably delayed seeking joinder. Delay is generally measured from the date of removal. Walpert v. Jaguar Land Rover N. Am., LLC, 2018 WL 6855985, at *3 (C.D. Cal. Dec. 17, 2018). The Court can elect to deny joinder because the diversity-destroying defendant's "identity was ascertainable and thus could have been named" earlier. Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022–23 (C.D. Cal. 2002).

Plaintiff argues that he did not delay seeking joinder because he only learned of the extent of Enciso's conduct one day before Defendant removed the case to this Court. (Mot. at 9; Rep. at 3). Even so, Plaintiff knew of Enciso's identity and could have chosen to pursue claims against Enciso before filing this motion—in fact, he was pursuing several claims against Enciso before abandoning them. Because Plaintiff dismissed Enciso from the complaint but promptly moved to re-join him after remand, this factor is neutral.

### (4) Improper Motive

The Court next considers Plaintiff's purpose in seeking joinder. "The issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1285 (C.D. Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

Plaintiff maintains that he seeks to amend the complaint based on newly discovered evidence and not in an attempt to remand the case to state court. (Mot. at 9; Rep. at 3–5). Though the Court does not doubt that Plaintiff only recently learned of the extent of Enciso's alleged comments, Plaintiff's promise not to pursue claims against Enciso if Defendant remanded the case, (Dkt. No. 12-1 at 5–6), suggests that Plaintiff's primary motive in seeking joinder is to destroy diversity. This factor therefore weighs against allowing amendment. See Khachunts, 682 F. Supp. 3d at 835–36. Even so, this factor, like all others, is not dispositive. See Burch v. Ford Motor Co., 758 F. Supp. 3d 1092, 1101–02 (N.D. Cal. 2024) (citing Dordoni v. FCA US LLC, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020)) (noting motive in seeking joinder is relevant but not an important factor in the analysis); Reyes v. FCA US LLC, 2020 WL 7224286, at *6 (E.D. Cal. Dec. 8, 2020) ("Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant.").

*(5) Validity of Claims*

Next, the Court assesses whether the proposed claims against Enciso appear valid. Whether a claim seems valid "is not the same as the standard in either a motion to dismiss or a motion for summary judgment." Avellanet v. FCA US LLC, 2019 WL 5448199, at *3 (C.D. Cal. Oct. 24, 2019) (quoting Sabag v. FCA US, LLC, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016)). "[T]o succeed under this factor, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." Burch, 758 F. Supp. 3d at 1099 (cleaned up).

Defendant contends that Plaintiff cannot assert a defamation claim because hyperbole and opinions are protected speech, Plaintiff does not allege that he was harmed, and the comments were unrelated to Plaintiff's specific profession. (Opp. at 19–21). In California, a defamation claim requires (1) a publication (2) that is false, (3) defamatory, and (4) unprivileged, and (5) "has a natural tendency to injure or that causes special damage." Bryant v. Lowe's Home Centers,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

LLC, 628 F. Supp. 3d 1036, 1042 (E.D. Cal. 2022), aff'd, 2023 WL 8797886 (9th Cir. 2023) (citations omitted). Statements of opinion, which, unlike statements of fact, contain no provable falsehoods, cannot form the basis of a defamation claim. Bowles v. Constellation Brands, Inc., 444 F. Supp. 3d 1161, 1174 (E.D. Cal. 2020) (citing Ringler Assocs. Inc. v. Maryland Cas. Co., 80 Cal. App. 4th 1165, 1181 (2000); Dickinson v. Cosby, 17 Cal. App. 5th 655, 685 (2017); Seelig v. Infinity Broad. Corp., 97 Cal. App. 4th 798, 809 (2002)). "Thus, rhetorical hyperbole, vigorous epithets, lusty and imaginative expressions of . . . contempt, and language used in a loose, figurative sense" are protected forms of speech. Seelig, 97 Cal. App. 4th at 809 (cleaned up). To determine whether something is an unprotected opinion or a false statement of fact, courts examine the language and context of the statement to determine how it was understood. Dickinson, 17 Cal. App. 5th at 686

Here, Plaintiff alleges that Enciso "complain[ed]" about Plaintiff to Plaintiff's coworkers, calling him "a retard," "slow," and "lost." (SAC at 221). These comments are not specific, earnest, or unbiased, but are instead broad, contemptuous, and wholly subjective. These statements were made casually to employees—apparently close friends of Plaintiff—with no apparent decisionmaking authority over Plaintiff. The Court therefore concludes that the alleged statements could not have been perceived as provably false assertions of fact. Plaintiff's defamation claim thus does not appear valid.

Defendant also maintains that Plaintiff cannot assert an IIED claim because the alleged conduct was not extreme and outrageous and Plaintiff did not suffer sufficient emotional distress. (Opp. at 21–23). Under California law, a plaintiff bringing an IIED claim must prove that (1) the defendant used extreme and outrageous conduct with the intent to cause emotional distress, (2) he suffered severe or extreme emotional distress, and (3) the defendant's conduct actually and proximately caused his emotional distress. Duronslet v. Cnty. of Los Angeles, 266 F. Supp. 3d 1213, 1218 (C.D. Cal. 2017) (quoting Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009)). Conduct is sufficiently outrageous "when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes, 46 Cal. 4th at 1050–51 (quotations omitted). "[M]ere insults,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

indignities, . . . or other trivialities" are not considered outrageous. Id. at 1051 (quotations omitted).

In his proposed second amended complaint, Plaintiff alleges that Enciso made various degrading remarks to others. (SAC at 221). Because the alleged remarks (though clearly insensitive) were apparently calmly made outside of Plaintiff's presence, and did not coincide with termination, they cannot be considered extreme and outrageous. Compare Yurick v. Superior Ct., 209 Cal. App. 3d 1116, 1123–30 (Cal. Ct. App. 1989), modified (May 18, 1989) (no IIED based on comments that plaintiff was over forty and senile), with Alcorn v. Anbro Eng'g, Inc., 2 Cal. 3d 493, 496 (1970) (African American employee fired by supervisor shouting racial epithets entitled to damages for IIED). Plaintiff's IIED claim thus does not appear valid.

Because neither claim appears valid, this factor weighs against allowing amendment.

*(6) Prejudice*

Lastly, the Court evaluates whether denial of joinder will prejudice Plaintiff. To establish prejudice, Plaintiff must show that Enciso is "crucial" to the case such that "complete relief cannot be afforded without" him. Newcombe, 157 F.3d at 691; see, e.g., Lara v. Bandit Indus., Inc., 2013 WL 1155523, at *5 (E.D. Cal. Mar. 19, 2013) (finding prejudice where plaintiffs "would be required either to abandon a viable claim against [potential defendant] or to initiate a duplicative litigation in state court").

Plaintiff claims he would suffer prejudice if joinder were denied because he would have to either file a second case in state court or forego his claims. (Mot. at 10). The Court disagrees for the reasons explained above—Enciso is not necessary to the adjudication, Plaintiff has not shown that he can overcome the statute of limitations to pursue the claims against Enciso in this Court, and the claims do not appear valid. See Davoodi v. Affiliated Comput. Servs., Inc., 2016 WL 94239, at *5 (C.D. Cal. Jan. 7, 2016) (considering factors one and five when assessing prejudice); Jones v. Thyssenkrupp Elevator, 2005 WL 8177458, at *22 (N.D. Cal. Dec. 22, 2005)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

(contemplating statute of limitations to determine prejudice). Plaintiff separately states that he would be prejudiced if the Court denied joinder because he suffers from health and financial hardships. (Rep. 2–3). But those challenges are not the type of prejudice recognized by courts under this prong. See, e.g., Davis v. Tower Select Ins. Co., 2013 WL 127724, at *5 (E.D. Cal. Jan. 9, 2013) (finding no prejudice when claims were distinct despite acknowledging that litigating in two courts would be less efficient and more costly). Because the Court finds that Plaintiff would not suffer sufficient prejudice, this factor weighs against allowing amendment.

Because no factor supports joinder, and four of the six factors weigh against joinder, the Court DENIES Plaintiff's request to join Enciso as a defendant.

B. Remand

Plaintiff seeks to remand the case, asserting that "[a]ny doubt as to the appropriateness of removal is to be resolved in favor of remand." (Dkt. No. 9 at 7 (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992))). But because the Court denies joinder of a defendant who would destroy subject matter jurisdiction, remand under § 1447(e) is not appropriate.

Plaintiff may instead move to remand the case on the basis that removal was improper in the first place. In that case, the Court must evaluate whether it has jurisdiction based on the pleadings that existed at the time of removal. See Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374 (2016) (citations omitted); see also Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (post-removal amendments to the pleadings do not affect whether a case was properly removed).

Plaintiff does not (and could not), however, claim that removal was inappropriate when all non-diverse individual Defendants were dismissed from the case in state court. See Williams, 471 F.3d at 976 ("[T]he propriety of removal is determined solely on the basis of the pleadings filed in state court."); Tanious v. Gattoni, 533 F. Supp. 3d 770, 775 (N.D. Cal. 2021) (notice of removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02074-AS | Date | June 6, 2025 |
|---|---|---|---|
| Title | Claudio Lopez v. Vestis Services, LLC, et al. | | |

determines whether the court has original subject matter jurisdiction); see also Loc. Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co., 846 F.2d 1213, 1215 (9th Cir. 1988), aff'd, 488 U.S. 881 (1988) (voluntary dismissal of non-diverse defendant established diversity).  In its notice of removal, Defendant asserts that the Court has subject matter jurisdiction over the case because it is a civil action involving citizens of different states and the amount in controversy exceeds $75,000.  Plaintiff does not dispute that he is a citizen of California, that Vestis is a citizen of Delaware and Georgia, or that he seeks more than $75,000 in damages.  Removal was therefore proper.  And without amending Plaintiff's complaint to include claims against Enciso (who is also a citizen of California), the Court retains subject matter jurisdiction over this case.

Thus, Plaintiff's motion to remand is DENIED.

### III. CONCLUSION

For these reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint and to Remand this Action to State Court (Dkt. No. 9) is DENIED.

**IT IS SO ORDERED.**